IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES HORN,

      Appellant,

v.

FRANK WOLFE,

      Appellee.

-------------------------------------

JAMES HORN,

      Appellant,

v.

SIERRA WOLFE,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5065

CASE NO. 1D15-5066

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Walton County.
Thomas R. Santurri, Judge.

John W. Roberts, Roberts Law Group, PLLC, Miramar Beach, for Appellant.

Frank Wolfe, pro se, Appellee, in Case No. 1D15-5065; no appearance for Appellee in Case No. 1D15-5066.

PER CURIAM.

We consolidate these cases for purposes of this opinion. Appellant challenges two orders imposing temporary injunctions against stalking. We are constrained to reverse because the trial court did not record the evidentiary hearing as required by section 784.0485(6)(f), Florida Statutes.[*] Without a transcript, we cannot adequately review appellant's claims. We do not remand for a new hearing because the temporary injunctions have expired. See Rodman v. Rodman, 48 So.

---

[*] The form order used by the trial court to set the hearing in this case included this statement: "NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense." Fla. Fam. L. Form 12.980(b)(1). The appropriate rules committee should consider revising the form to delete this statement because it is inaccurate with respect to hearings on petitions for injunctions for protection against domestic violence and stalking. See § 741.30(6)(h), Fla. Stat. ("All proceedings under this subsection shall be recorded. Recording may be by electronic means as provided by the Rules of Judicial Administration."); § 784.0485(6)(f), Fla. Stat. (same); Fla. R. Jud. Admin. 2.535(h)(1) ("All proceedings required by law . . . to be reported shall be reported at public expense."). Although the statement is accurate with respect to hearings on the other types of injunctions referenced in the form order (repeat violence, dating violence, and sexual violence), it is unnecessary because the form order includes a specific paragraph that the trial court can check when setting hearings on those types of injunctions:

> YOU ARE ADVISED THAT IN THIS COURT:
>
> . . . .
>
> c. ____ in repeat, dating, and sexual violence cases, no electronic recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

2

3d 1022 (Fla. 1st DCA 2010). However, the parties are free to file new petitions for injunctive relief if such relief is warranted. On all other issues, we affirm.

WOLF, LEWIS, and WETHERELL, JJ., CONCUR.